IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Connie S. Hendricks, | : | |
| Plaintiff | | Civil Action 2:09-cv-327 |
| | : | |
| v. | | Judge Smith |
| | : | |
| Michael J. Astrue, | | Magistrate Judge Abel |
| Commissioner of Social Security, | : | |
| Defendant | | |
| | : | |

**ORDER**

This matter is before the Court on plaintiff Connie S. Hendricks' objections to Magistrate Judge Abel's January 8, 2010 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Hendricks is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Hendricks maintains she became disabled at age 55 by depression and anxiety. The administrative law judge found that Hendricks could not perform her previous work, but found that she retained the ability to perform work at all exertional levels that allowed her to perform multi-step instructions in a stable environment where close supervision by others or frequent contact with co-workers is not required.

Plaintiff argues that this case should be remanded to the Commissioner because the administrative law judge:

1. Improperly assessed the "paragraph B" criteria of listings 12.04 and 12.06 when he found that Hendricks had only "mild" deficits in concentration.
2. Failed to state what weight he accorded the opinion of Hendricks' treating counselor, Amy Combs, LIS
3. Improperly assessed plaintiff's credibility because he did not acknowledge that Hendricks was crying and shaking during the hearing, which was consistent with her behavior when examined by Dr. Peterson, Dr. Ford and counselor Combs.
4. Improperly relied on the vocational expert's testimony that conflicted with the Dictionary of Occupational Titles.

None of these alleged errors has merit.

Listings 12.04 and 12.06 "B" criteria. To meet a Listing, the claimant must have marked restriction of at least two "B" criteria. There is no evidence that Hendricks had marked restriction of at least two "B" criteria. Further, Dr. Peterson's report supports the administrative law judge's finding that Hendricks had only mild deficits in concentration. (R. 265.)

Weight given counselor Combs' opinion on disability. For the reasons identified by the Magistrate Judge, January 8, 2010 Report and Recommendation, pp. 25-26, the Court concludes that the administrative law judge fairly and fully evaluated Combs' opinion on the issue of disability.

Plaintiff's credibility. Contrary to plaintiff's argument, the administrative law judge did acknowledge Hendricks' crying and shaking in his decision. (R. 9-10 and 13.)

Further, the administrative law judge met his obligation to explain why he did not fully credit Hendricks' testimony about her limitations. (R. 15.)

<u>Conflict between vocational expert's testimony and DOT</u>. As explained in detail in the Report and Recommendation, pp. 31-32, there was no conflict between the vocational expert's testimony and the DOT. Further, plaintiff's counsel had ample opportunity to examine the vocational expert about whether there was such a conflict.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

                                            s/ George C. Smith
                                            George C. Smith
                                            United States District Judge